UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROSS A. KESSLER,

        Plaintiff(s),

-against-

DANIEL N. THISTLE and NATIONAL FREIGHT, INC.,

        Defendant.

**ANSWER**

Civil No.: 08-CV-3409

Defendant DANIEL N. THISTLE, by and through his attorneys, Goldberg Segalla LLP, as and for his Answer to Plaintiffs' Verified Complaint, alleges as follows:

### ANSWERING THE FIRST CAUSE OF ACTION

**FIRST:** Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the form alleged contained in the paragraphs of the Verified Complaint designated as "1", "3", "4", "5", "6", "10" and "11".

**SECOND:** Denies the allegations contained in the paragraph designated as "12" except admits that on August 6, 2005 at a time not specified in the Complaint the two vehicles came into contact with each other.

**THIRD:** Denies the allegations contained in the paragraph designated as "9" except admits that Defendant DANIEL N. THISTLE operated the vehicle with the consent of Defendant NATIONAL FREIGHT, INC.

**FOURTH:** Denies the allegations in the Verified Complaint in the form alleged at paragraphs designated as "13", "14", "15", "16", "17" and "18".

## FIRST AFFIRMATIVE DEFENSE

The damages allegedly sustained by plaintiff were caused or contributed to by plaintiff's own negligence or culpable conduct, and defendant is not liable to plaintiff or, alternatively, defendant's liability to plaintiff is partial only and should be reduced in accordance with applicable law.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of the injuries and damages alleged in the Complaint, and on that account, the defendant is not liable to plaintiff.

## THIRD AFFIRMATIVE DEFENSE

The defendant's liability, if any, to plaintiff is limited under Article 16 of the Civil Practice Law & Rules of the State of New York.

## FOURTH AFFIRMATIVE DEFENSE

The defendant, pursuant to §§1411, 1412 and other applicable provisions of the Civil Practice Law and Rules, alleges that if the plaintiff sustained any injuries or damages at the time and place alleged in the Complaint, such injuries and/or damages were the result of the culpable conduct of the plaintiff, and/or the other parties hereto or were the result of the plaintiff's assumption of risk. Should it be found, however, that defendant is liable to the plaintiff herein, any liability being specifically denied, then any damages are to be apportioned among the plaintiff, defendant and/or the other parties hereto according to the degree of responsibility that each is found to have in the occurrence, in proportion to the entire measure of responsibility for the occurrence.

## FIFTH AFFIRMATIVE DEFENSE

The defendant asserts the protections of § 15-108 of the General Obligations Law.

## SIXTH AFFIRMATIVE DEFENSE

The damages allegedly sustained by plaintiff were caused by the direct and proximate negligence or intentional conduct of other parties, their agents or employees, or by others unknown at this time over whom defendant had no control at any time relevant hereto, and in the event the defendant is found liable to plaintiff, which liability is expressly denied, defendant will be entitled to indemnification, contribution or apportionment of liability pursuant to applicable law

## SEVENTH AFFIRMATIVE DEFENSE

The plaintiff could, with due diligence, have obtained personal jurisdiction over tort-feasors not parties to this lawsuit and thus the culpability of these missing or absent tort-feasors may be computed into the apportionment of total culpability causing the subject occurrence.

## EIGHTH AFFIRMATIVE DEFENSE

In the event that plaintiff recovers a verdict or judgment against the answering defendant, then said verdict or judgment must be reduced pursuant to CPLR 4545 by those amounts which have been or will with reasonable certainty replace or indemnify plaintiff in whole or in part for any past or future claimed medical expenses, or other such economic loss, as paid from any collateral source, such as, but not limited to, insurance, social security, worker's compensation or employee programs.

## NINTH AFFIRMATIVE DEFENSE

The plaintiff did not sustain a "serious injury" as defined in the New York State Insurance Law.

## TENTH AFFIRMATIVE DEFENSE

The plaintiff failed to make use of available seatbelts.

**WHEREFORE**, Defendant DANIEL N. THISTLE., demands judgment dismissing the Verified Complaint herein, together with the costs and disbursements of this action.

DATED: White Plains, New York
April 22, 2008

By: _____
MICHAEL D. SHALHOUB, ESQ. (MS 2879)
MARGARET A. PORCELLI, ESQ. (MAP8511)
GOLDBERG SEGALLA, LLP
**Attorneys for Defendant**
DANIEL N. THISTLE
170 Hamilton Avenue, Suite 203
White Plains, New York 10601
Phone: (914) 798-5400
Fax:    (914) 798-5401

TO: Gregory M. Sobo, Esq.
SOBO & SOBO, LLP
*Attorneys for Plaintiffs*
One Dolson Avenue
Middletown, New York 10940
(845) 343-0466

108064.1

Kessler v. Daniel Thistle & NFI
Civil No.:   08-CV-3409
GS File No.:   11296.0001

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **ANSWER** was served upon the following by deposit in the United States mail, first class postage prepaid, this 22nd day of April, 2008.

>Gregory M. Sobo, Esq.
>SOBO & SOBO, LLP
>***Attorneys for Plaintiffs***
>One Dolson Avenue
>Middletown, New York 10940
>(845) 343-0466

By: _____

MICHAEL D. SHALHOUB, ESQ. (MS 2879)
MARGARET A. PORCELLI, ESQ. (MAP8511)
GOLDBERG SEGALLA, LLP
**Attorneys for Defendant**
DANIEL N. THISTLE
170 Hamilton Avenue, Suite 203
White Plains, New York 10601
Phone: (914) 798-5400
Fax:    (914) 798-5401